IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50941
_____


DELORES E. SHIPP,

Plaintiff-Appellant,

versus

SEARS ROEBUCK AND COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-97-182)
_____

October 5, 1998

Before JOLLY, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]


Plaintiff Delores E. Shipp appeals an unfavorable summary judgment ruling in her employment discrimination suit against Sears. Shipp, a sales manager employed by Sears, was fired after Sears discovered that Shipp had marked down and then purchased items at a fraction of their cost, when the items should have been returned to the supplier. The district court granted summary judgment for Sears, concluding that Shipp failed to present any evidence that Shipp's race was a factor in Sears' determination to

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

fire her.  On appeal, Shipp contends that the district court erred when it concluded that evidence of racial remarks regarding Shipp made by a fellow employee did not provide sufficient evidence for a jury to infer that Shipp's termination was racially motivated. We review the summary judgment of the district court de novo, applying the same standards as the district court.

Before addressing the issue on appeal, we should note that the briefs before the court were thorough and well articulated and that oral argument was ably presented and helpful to the court.

After a review of the record, a study of the briefs, and consideration of the arguments of counsel, we are unable to find evidence that would support a finding that race was a determinative factor in Sears' decision to terminate Shipp.  As we have stated in Rhodes, summary judgment is appropriate if "the evidence taken as a whole would not allow the jury to infer that the actual reason for the discharge was discriminatory."  Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 994 (5th Cir. 1996) (en banc).

Shipp has presented evidence that Johnny Ogden, the Loss Prevention Manager for the Sears store where Shipp worked, did make racially charged comments.  However, Shipp has not, to any degree of significance, been able to tie Ogden's conduct to the investigation and decision to terminate her.  The decision to terminate Shipp was made by Diane Franzese, the Regional Human Resources Manager for Sears.  She relied on materials and a report prepared by Steve Moczary, the District Loss Prevention Manager for Sears, that summarized his investigation of Shipp's conduct.  Ogden was not in charge of that investigation and, although there is

evidence that he was asked by Moczary to assist in the investigation by providing information from the records and employees in his department, there is no evidence that he improperly motivated the investigation. Finally, the remarks allegedly made by Ogden were not made in the context of the investigation but rather at some time approximately four months prior to the investigation. Based on the evidence before the court, the district court was correct in concluding that these remarks amount to "stray" remarks for purposes of a discrimination action. See, e.g., Young v. City of Houston, 906 F.2d 177, 181 (5th Cir. 1990).

As Shipp has offered no other evidence that would indicate that Sears acted with discriminatory animus, the district court correctly concluded that summary judgment was appropriate in this case. The judgment of the district court is therefore

A F F I R M E D.